UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHEDRICK BOWES-NORTHERN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    CAUSE NO.: 2:22-CV-46-JVB-JPK |
| | ) |
| RESTAURANT BRANDS<br>INTERNATIONAL and BURGER<br>KING CORP.,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's Second Amended Complaint [DE 36] filed on November 7, 2022. Plaintiff Shedrick Bowes-Northern, *pro se*, did not file a response. For the reasons below, the Court dismisses this cause of action without prejudice.

## BACKGROUND

This case originated in the Southern District of Indiana, where Plaintiff filed an amended complaint on November 10, 2021. This is the complaint toward which the instant motion to dismiss is directed. This case was transferred to the Northern District of Indiana due to venue being improper in the Southern District of Indiana based on the allegations in that complaint.

Plaintiff alleges that he was denied a complimentary cup of water at a Burger King restaurant in Portage, Indiana, and that a Burger King employee called the police despite Plaintiff not breaking any laws. He further alleges that the restaurant refused to name the employee to whose actions Plaintiff objects and that Burger King's corporate office ignored his complaint.

Plaintiff contends that his civil rights were violated on the basis of his skin color, and he alleges that he reported the incident to intake supervisor Kimberly Simmons of the Indiana Civil Rights Commission.

At an August 16, 2022 telephonic status conference, Plaintiff agreed to substitute Tri City Foods of Indiana, Inc. for Burger King Corp. and to dismiss without prejudice Restaurant Brands International. Plaintiff also sought and received leave to file an amended complaint. However, Plaintiff's deadline to file the amended complaint expired with no amended pleading being filed.

## ANALYSIS

In the instant motion, Defendant Tri City Foods of Indiana, Inc. (which is the only remaining defendant in this cause of action as a result of Plaintiff's agreement at the August 16, 2022 status conference) moves to dismiss the complaint with prejudice due to lack of subject matter jurisdiction.

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1), which requires a court to dismiss a cause of action when the court lacks subject matter jurisdiction. The "district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Where there is a factual challenge to an asserted basis for federal jurisdiction, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 198 (1936)).

Plaintiff appears to be attempting to bring a claim under Title II of the Civil Rights Act of 1964. A Title II claim has jurisdictional requirements as laid out in 42 U.S.C. § 2000a-3(c). *See Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144 (7th Cir. 1993) (holding that § 2000a-3(c)'s requirements are jurisdictional). Section 2000a-3(c) provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

Thus, the Court must first determine whether Indiana is such a state as described in § 2000a-3(c). Then, if so, the Court must determine whether this lawsuit was brought more than thirty days after written notice. If it was not, then the Court lacks jurisdiction to hear the case.

Through Indiana Code § 22-9-1-2(a), -(b), Indiana prohibits racial discrimination in access to public accommodation. The Indiana Civil Rights Commission (ICRC) is the authority tasked with receiving written complaints of discriminatory practices and granting relief from such practices. *See* Ind. Code §§ 22-9-1-6(d), (j), 22-9-3(o). Thus, Indiana is such a state as described in § 2000q-3(c). Courts in both the Northern and Southern Districts of Indiana concur. *See Bonds v. Rising Star Casino Resort*, 4:19-CV-151, 2020 WL 564281, at *5 (S.D. Ind. Feb. 5, 2020); *Calwell v. Klemz*, 2:14-CV-455, 2017 WL 4620693, at *11 (N.D. Ind. Oct. 12, 2017) (Lozano, J.).

As such, the Court can only hear Plaintiff's Title II claim if his lawsuit was brought more than thirty days following written notice to the ICRC. Plaintiff alleges that he communicated with the ICRC, but he does not specify that any of this communication was in written form. Some of the communication, he acknowledges, was telephonic. Defendant has submitted evidence from

3

ICRC's Docket Clerk and Public Records Coordinator Michael C. Lostutter confirming that Plaintiff *called* the ICRC in September 2020, but there are no documents or paperwork regarding any *written* complaint regarding Plaintiff's Title II claim. (Ex. B at 2, ECF No. 36-3); *see also* (Ex. C at 2, ECF No. 36-3 (authenticating Ex. B)). Lostutter further elaborates that Plaintiff did not provide enough information to the commission, did not stay in contact with the commission, and was informed of the same in November 2021. (Ex. B at 2). Thus, the Court finds that Plaintiff did not file a written complaint with the ICRC, so this lawsuit was not filed more than thirty days after written notice to the ICRC of the alleged discriminatory actions.

Accordingly, the jurisdictional requirements of § 2000a-3(c) are not met, so the Court lacks jurisdiction to hear this matter. Though Defendant asks for dismissal with prejudice, a dismissal for lack of subject matter jurisdiction can only be without prejudice. *See Farmer v. Levenson*, 79 Fed. Appx. 918, 921 (7th Cir. 2003).

## CONCLUSION

Therefore, the Court **GRANTS with relief different than requested** Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's Second Amended Complaint [DE 36]. This cause of action is **DISMISSED without prejudice**.

SO ORDERED on January 5, 2023.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT